NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL TORRES, *individually and on behalf of all those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>RUSHMORE SERVICE CENTER, LLC,<br><br>Defendant. | Civil Action No. 18-9236 (SDW) (LDW)<br><br>**OPINION**<br><br>October 31, 2018 |

**WIGENTON**, District Judge.

Before this Court is Defendant Rushmore Service Center, LLC's ("Defendant") Motion to Compel Arbitration and Stay Proceedings pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For the reasons stated below, Defendant's Motion to Compel Arbitration and Stay Proceedings is **DENIED** without prejudice, and the parties are ordered to conduct limited discovery on the issue of arbitrability.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Daniel Torres ("Plaintiff"), a consumer, allegedly incurred a debt that was subsequently "assigned or otherwise transferred to Defendant[,]" a debt collector. (Compl. ¶¶ 6, 9, 12-13, ECF No. 1.) In a letter to Plaintiff dated December 8, 2017 (the "Letter"), Defendant advised that it had been retained by PREMIER Bankcard, LLC to collect on Plaintiff's overdue

account. (Letter, ECF No. 1-1.) The Letter further stated: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." (*Id.*; *see also* Compl. ¶¶ 14, 21.)

On May 15, 2018, Plaintiff filed a putative class action alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (*See generally id.*) The Complaint alleges, *inter alia*, that because the Letter provided both a telephone number and mailing address, Plaintiff was not properly notified that "to effectively dispute the alleged debt, such dispute must be in writing." (*Id.* ¶¶ 25, 29, 46.) On August 1, 2018, Defendant filed the instant Motion to Compel Arbitration and Stay Proceedings, attaching an exemplar of First Premier Bank's Credit Card Contract and Account Opening Disclosures (the "Card Agreement"), which includes an arbitration provision and class-action waiver. (ECF No. 7.) Plaintiff opposed the motion on August 21, 2018, and Defendant replied on August 28, 2018. (ECF Nos. 8-9.)

## II. LEGAL STANDARD

"The FAA federalizes arbitration law and 'creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate . . . .'" *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 136 (3d Cir. 1998) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)). Courts are authorized to compel arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. Additionally, under § 3 of the FAA, parties may "apply to a federal court for a stay of the trial of an action 'upon any issue referable to arbitration under an agreement in writing for such arbitration.'" *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 3).

When deciding a motion to compel arbitration, a court must ascertain whether "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." *Aetrex Worldwide, Inc. v. Sourcing for You Ltd.*, 555 F. App'x 153, 154 (3d Cir. 2014) (quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)). To conduct this inquiry, the court shall apply "ordinary state-law principles that govern the formation of contracts." *Kirleis*, 560 F.3d at 160 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

### III. DISCUSSION

In determining whether a valid arbitration agreement exists, a court must first decide whether to use the Rule 12(b)(6) or Rule 56 standard of review. *See Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). The Rule 12(b)(6) standard applies when arbitrability is "apparent, based on the face of a complaint, and documents relied upon in the complaint[.]" *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (internal quotation marks omitted). However,

> [w]here the complaint does not establish with clarity that the parties have agreed to arbitrate, or when the party opposing arbitration has come forward with reliable evidence that it did not intend to be bound by an arbitration agreement, a Rule 12(b)(6) standard is not appropriate because the motion cannot be resolved without consideration of evidence outside the pleadings, and, if necessary, further development of the factual record.

*Noonan v. Comcast Corp*, No. 16-458, 2017 WL 4799795, at *4 (D.N.J. Oct. 24, 2017) (citations omitted). In such circumstances, "the non-movant must be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists." *Ross v. CACH, LLC*, No. 14-6321, 2015 WL 1499282, at *2 (D.N.J. Apr. 1, 2015). Afterwards, "the

3

court may entertain a renewed motion to compel arbitration, this time judging the motion under a [Rule 56,] summary judgment standard." *Guidotti*, 716 F.3d at 776.

Here, the existence of the Card Agreement and its arbitration provision and class-action waiver is not referenced in the Complaint but is raised for the first time in Defendant's motion. Because the question of arbitrability cannot be resolved without considering evidence extraneous to the pleadings, it would be inappropriate to apply a Rule 12(b)(6) standard in deciding the instant motion. *See id.* at 774. As the Third Circuit instructed in *Guidotti*, in this type of scenario, "the motion to compel arbitration must be denied pending further development of the factual record." *Id*; *see, e.g., Sauberman v. Avis Rent a Car Sys., L.L.C*., No. 17-756, 2017 WL 2312359, at *2 (D.N.J. May 26, 2017) (denying a motion to compel arbitration and ordering limited discovery where the complaint did not establish on its face that the parties agreed to arbitrate); *Laudano v. Credit One Bank*, No. 15-7668, 2016 WL 3450817, at *5 (D.N.J. June 22, 2016) (same); *Ross*, 2015 WL 1499282, at *3 (same); *Hughes v. Kolaras*, No. 13-0057, 2013 WL 5797735, at *7 (D.N.J. Oct. 28, 2013) (denying a motion to dismiss without prejudice in part because arbitrability was not apparent on the face of the complaint). Thus, this Court will deny Defendant's motion without prejudice, and order the parties to conduct limited discovery on the issue of arbitrability. Afterwards, Defendant may file a renewed motion to compel arbitration, which this Court will review under a Rule 56 standard.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Compel Arbitration and Stay Proceedings is **DENIED** without prejudice, and the parties are ordered to conduct limited discovery on the issue of arbitrability. An appropriate order follows.

/s/ Susan D. Wigenton
SUSAN D. WIGENTON, U.S.D.J.

cc: Clerk
Parties
Magistrate Judge Wettre